# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JULIO GARCIA TRUJILLO,  )
an individual,  )
 )
    Employee-Below,  )
    Appellant,  )
 )
    v.  )    C.A. No. N16A-05-003 JRJ
 )
ATLANTIC BUILDING ASSOCIATES,)
a foreign corporation, and GASTON  )
SANTOS BAUTISTA, d/b/a SANTOS  )
CONSTRUCTION, LLC, a domestic  )
corporation,  )
 )
    Employers-Below,  )
    Appellees.  )

## ORDER

Date Submitted: June 16, 2017
Date Decided: August 29, 2017

Upon consideration of Appellant Julio Garcia Trujillo's Motion for Reargument;[1] Appellee Atlantic Building Associates' Response;[2] Superior Court Civil Rule 59(e); and the record in this case, **IT APPEARS THAT:**

1. On June 7, 2017, the Court issued its Opinion reversing and remanding the decision of the Industrial Accident Board.[3] The Court determined that the Board applied an incorrect legal standard in reaching the conclusion that the certificate of

---

[1] Appellant's Motion for Reargument ("Trujillo Mot. Rearg.") (Trans. ID. 60726373).
[2] Trans. ID. 60740919.
[3] June 7, 2017 Opinion (Trans. ID. 60704934).

insurance ("COI") obtained by Atlantic Building Associates ("Atlantic") satisfied Atlantic's obligations under 19 *Del. C.* § 2311(a)(5).[4]

2. In the June 7, 2017 Opinion, the Court distinguished this case from the Delaware Supreme Court's decision in *Cordero v. Gulfstream Development Corp.*[5] In *Cordero*, a subcontractor allowed its workers' compensation insurance to lapse after furnishing the contractor with a COI that stated effective dates covering the work period.[6] The contractor did not know or have reason to believe that the policy would not be effective on the dates stated, and the Delaware Supreme Court held that the contractor satisfied § 2311(a)(5)'s requirement that it obtain a COI "in force" because "[a] certification is 'in force' if it is valid on its face at the time it is furnished to the contractor."[7] In other words, in order to satisfy § 2311(a)(5), the contractor did not have to investigate whether its subcontractor allowed its workers' compensation insurance to lapse because the dates on the face of the COI stated that the insurance would be in force throughout the work period and because the contractor did not know or have any reason to believe the coverage had lapsed.

3. This case does not concern a lapse in coverage, but rather a lack of workers' compensation insurance coverage for workers and work accidents in Delaware.

---

[4] *Id.* at 13.
[5] 56 A.3d 1030 (Del. 2012).
[6] *Id.* at 1033.
[7] *Id.* at 1037.

Atlantic obtained a COI, but as was later revealed, the insurance coverage was for New Jersey and did not extend to Appellant's Delaware work accident. The Board recognized that this case is not identical to *Cordero*, but nevertheless concluded that Atlantic fulfilled its obligations under § 2311(a)(5) because the COI obtained by Atlantic was "valid on its face."[8] In its June 7, 2017 Opinion, the Court explained that the Board applied an incorrect legal standard because it elevated the "valid on its face" language from *Cordero* over the plain language of the statute.[9] Section 2311(a)(5) requires that a contractor obtain a certification of insurance "in force *under this chapter*," i.e. Delaware insurance.[10] Because the COI obtained by Atlantic does not state that the insurance was Delaware insurance, it cannot be valid on its face as to this critical fact, and the Court remanded the case for the Board to consider whether Atlantic exercised sufficient due diligence to verify that the insurance coverage evidenced by the COI was "in force under this chapter."[11]

4. In his Motion for Reargument, Appellant argues that remand is unnecessary because the Court's holding concerning Atlantic's obligations under § 2311(a)(5) is case dispositive.[12] In short, Appellant argues the COI obtained by Atlantic certifies only that WVM Construction had workers' compensation insurance, but not

---

[8] June 7, 2017 Opinion at 8–9.
[9] *Id.* at 13.
[10] 19 *Del. C.* § 2311(a)(5) (emphasis added).
[11] June 7, 2017 Opinion at 14–15.
[12] Trujillo Mot. Rearg. ¶ 2.

3

Delaware workers' compensation insurance.[13]  Therefore, Appellant concludes Atlantic never fulfilled its obligation under § 2311(a)(5) to obtain "a certification of insurance in force under this chapter."[14]

5.  A motion for reargument under Superior Court Civil Rule 59(e) will be granted "only if the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[15]

6.  In essence, Trujillo alleges that the Court misapprehended the law by writing a due diligence exception into § 2311(a)(5).  Not so.  Section 2311(a)(5) requires that a contractor obtain a "certification of insurance in force under this chapter."  The COI issued by WVM Construction's insurance broker evidenced workers' compensation insurance but was ambiguous as to whether that insurance covered employees working in Delaware.  Because that piece of paper does not satisfy the "under this chapter" requirement on its face, it was incumbent on Atlantic to verify that the workers' compensation insurance was in force in Delaware.  Whether Atlantic did so is a factual determination that is properly within the purview of the Board on remand.

---

[13] *Id.* ¶¶ 5–6
[14] *Id.*
[15] *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. 2016) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).

**NOW THEREFORE**, for the foregoing reasons, Appellant's Motion for Reargument is **DENIED.**

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge